IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDRICK JERMAINE FULTON,**

        **Petitioner,**

    v.                                       CASE NO. 10-3204-RDR

**CLAUDE CHESTER,**

        **Respondent.**

**O R D E R**

Petitioner, a prisoner incarcerated in a federal facility in Kansas, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the petition and court records, the court dismisses the petition for lack of subject matter jurisdiction.

Petitioner was convicted in 2003 by a jury in the United States District Court for the Northern District of Texas of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more that 50 kilograms of cocaine base. See United *States v. Fulton*, 131 Fed.Appx. 441 (5th Cir. 2005)(affirming petitioner's conviction and sentence), *cert. denied* 546 U.S. 1097 (2006). Petitioner states he sought relief in a motion filed under 28 U.S.C. § 2255 on allegations of ineffective assistance of counsel. See Docket Sheet in *U.S. v. Cofer, et al.*, Case No. 02-CR-94 (N.D.Tex.). Court records reflect that the Fifth Circuit Court of Appeals, in January 2010, denied a certificate of appealability

for petitioner's appeal from the district court's denial of relief under § 2255. *Id*. Petitioner thereafter filed a Rule 60(b) motion for relief from judgment, and a motion to amend or supplement that motion. *Id*. The district court initially denied those motions, but on November 12, 2010, granted petitioner's motion for reconsideration and ordered the government to file a response to petitioner's Rule 60(b) motion and to petitioner motion to amend or supplement the Rule 60(b) motion. *Id*.

Petitioner filed the instant action seeking relief under § 2241 on a claim that defense counsel was ineffective in failing to adequately advise petitioner as to how the government's plea offer would have exposed petitioner to less jail time if the offer had been accepted.

Section 2255 provides that an application for habeas corpus under § 2241 by a prisoner authorized to apply for relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). It is well established that § 2241 "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir.1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964). A motion under § 2255 must be filed in the sentencing court, and is the "exclusive remedy" for challenging a sentence

unless there is a showing that the remedy under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

Because petitioner's § 2255 proceeding remains pending in the Northern District of Texas, it is plainly clear that petitioner can make no showing that the remedy afforded by § 2255 is inadequate or ineffective. The court thus concludes the instant petition should be dismissed because this court lacks jurisdiction under § 2241 to consider petitioner's habeas application.

IT IS THEREFORE ORDERED that the petition seeking relief under 28 U.S.C. § 2241 is dismissed without prejudice for lack of jurisdiction, and that petitioner's motion for appointment of counsel (Doc. 3) is denied as moot.

DATED: This 24th day of November 2010, at Topeka, Kansas.

   s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge